UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAUTILUS INSURANCE COMPANY,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>TRAVELERS INDEMNITY COMPANY OF CONNECTICUT, et al.<br><br>　　　　　　Defendants. | Case No. 2:22-cv-05838-FLA (SKx)<br><br>**ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION** |

Federal courts are courts of "limited jurisdiction," possessing only "power authorized by the Constitution and statute[.]" *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); U.S. Const. art. III, § 2, cl. 1. Courts are presumed to lack jurisdiction unless the contrary appears affirmatively from the record. *See DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n. 3 (2006). Additionally, federal courts have an obligation to examine jurisdiction *sua sponte* before proceeding to the merits of a case. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999).

Federal courts have jurisdiction where an action arises under federal law or where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. §§ 1331, 1332(a). A complaint filed in federal court must contain "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart v. Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). Where a party contests, or a court questions, a party's allegations concerning the amount in controversy, both sides shall submit proof, and the court must decide whether the party asserting jurisdiction has proven the amount in controversy by a preponderance of the evidence. *Id.* at 88–89; *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). The same procedures apply when the existence of complete diversity of the parties is called into question. *See, e.g., Verb Tech. Co., Inc. v. Baker & Hostetler LLP*, Case No. 2:21-cv-06500-ODW (MAAx), 2021 WL 4125207 (C.D. Cal. Sept. 9, 2021).

The court has reviewed the Complaint in this action and is presently unable to conclude it has subject matter jurisdiction over this action under 28 U.S.C. § 1332(a). The court finds that the Complaint does not demonstrate by a preponderance of evidence that the amount in controversy exceeds $75,000.

Accordingly, the parties are ORDERED to SHOW CAUSE, in writing only, within fourteen (14) days from the date of this Order, why this action should not be dismissed for lack of subject matter jurisdiction. The parties are encouraged to submit

1  evidence and/or judicially noticeable facts in response to the court's Order.
2  Responses shall be limited to ten (10) pages in length.  The parties should consider
3  this Order to be a two-pronged inquiry into the facial and factual sufficiency of
4  Plaintiff's demonstration of jurisdiction.  *See Leite v. Crane Co.*, 749 F.3d 1117, 1122
5  (9th Cir. 2014).
6       As Plaintiff is the party asserting federal jurisdiction, Plaintiff's failure to
7  respond timely and adequately to this Order shall result in dismissal of the action
8  without further notice.

10       IT IS SO ORDERED.

12  Dated: August 4, 2023

                                                      FERNANDO L. AENLLE-ROCHA
                                                      United States District Judge